STATE OF MISSOURI, Respondent, v. A. W.
JOHNSTON, Appellant.

**Kansas City Court of Appeals, January 30, 1911.**

1. **CRIMINAL LAW: Obtaining Money Under False Pretenses: Appeal.** Where defendant was convicted on the charge of obtaining five dollars from the prosecuting witness by means of false and fraudulent statements and pretenses under section 1927, Revised Statutes 1899, the specific charge so far as the punishment is concerned is petty larceny, and an appeal was properly taken.

2. ———: ———: **Information Bad.** An information which alleges that the prosecuting witness was "induced to pay" the defendant the sum of five dollars was bad, because it failed to allege specifically one of the essential ingredients of the offense of obtaining money under false pretenses, i. e., that defendant was actually paid.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw*, Judge.

REVERSED.

*John C. Stearns* for appellant.

*Virgil Conkling* and *Henry L. Jost* for respondent.

JOHNSON, J.—On information of the prosecuting attorney of Jackson county, defendant was tried and convicted in a justice court on the charge of obtain-

ing five dollars from the prosecuting witness by means of false and fraudulent statements and pretenses. A trial in the criminal court where the cause was taken by appeal resulted in the conviction of defendant and he appealed to this court.

Defendant, a book agent, sold the prosecuting witness some books at the price of $120, collected five dollars from her and secured her written obligation for the payment of the remainder of the purchase price. Following the allegations relating to the false and fraudulent representations and pretenses constituting the offense the information charges that the prosecuting witness "believing the said statements to be true and relying thereon and being deceived thereby was induced to pay to the said A. W. Johnston the sum of five dollars and to sign an order for said books and agree to pay the further sum of $115." etc. The specific offense alleged is "that the said A. W. Johnston well knew the said false and fraudulent statements and pretenses so made as aforesaid by him were false and fraudulent and untrue and were made by him at the time with the intent and for the purpose of defrauding the said Anna S. Welch of the said sum of five dollars against the peace and dignity of the state." The date of the offense was May 26, 1909, and the statute relating to obtaining money, goods, etc., by false pretenses then in force was section 1927, Revised Statutes 1899, which provided that a person convicted of a violation of its provisions "shall be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained."

Speaking of this section the Supreme Court say in State v. Pickett, 174 Mo. l. c. 667: "Obviously under this section the guilty party was liable to be punished by imprisonment in the penitentiary if the amount of money or property obtained by the false pretense was such as would have sustained a conviction for grand

larceny had he stolen it, and if less, then he is punishable as for petit larceny."

The specific charge on which defendant was prosecuted and convicted is the same so far as the punishment is concerned as a charge of stealing five dollars—petit larceny—and the appeal was properly taken to this court.

Defendant challenges the information on the ground that it fails to allege specifically one of the essential ingredients of the offense of obtaining money by false pretenses, i. e., that defendant actually was paid five dollars by the prosecuting witness. The information alleges the prosecuting witness "*was induced*" to pay that sum to defendant. The rule is fundamental that an indictment or information, to be good, must allege all the essential elements of the offense charged and that nothing may be left to intendment or inference. Speaking for myself I would say, if this were a question of first impression in this state, the statement that a person was induced to pay another a certain sum of money would be the legal equivalent of an assertion that he did pay the money. But the Supreme Court has decided to the contrary and, following, as we must, the decisions of that tribunal, we must hold the indictment bad.

In State v. Sanders, 63 Mo. l. c. 484, speaking through NORTON, J., the court say: "Waiving the point raised as to whether the written account against Marshall for $300, which was assigned by defendant to Sullivan, was or was not such a false token and writing as is or was contemplated by the Wagn. Stat., 47, on which the proceeding was founded, we think the indictment is defective because it is nowhere averred in it that defendant either sold, assigned or delivered the account to Sullivan, or that Sullivan bought it and parted with his money for it, relying on the false and fraudulent representations of defendant. The only

averment on the subject is that defendant said 'he could and would assign it to Sullivan for $200.' There is no averment that defendant did sell or assign it, or that Sullivan, relying on the representations made by defendant in reference thereto, purchased it and part-ed with his money for it.'"

In State v. Phelan, 159 Mo. 122, the indictment charged that the prosecuting witnesses "were induced to then and there sell and deliver to said defendant said pair of horses," etc. The court say: "The pleader does not go further and aver that he did in fact sell his said horses to defendant. Do the words 'in-duced to sell' amount to a positive, distinct averment that said Cains then and there did sell and deliver said horses to defendant?" The question was answered in the following language: "The rule in criminal pleading is that in an indictment nothing material shall be taken by intendment or implication. The phrase 'induced to sell' signifies that the defendant 'moved,' 'urged,' 'instigated' the Cains to sell to him but it falls short of averring that they 'did sell' to him."

In State v. Kelly, 170 Mo. 150, the averment that the witness "was induced to sell and deliver" was held insufficient to charge a sale and delivery. And in State v. Hubbard, 170 Mo. 346, the averment "was induced by the false pretenses to loan the said Walter Hub-bard" a sum of money, was condemned on the ground that it contained no distinct allegation that in fact the money was loaned.

Of like import are other decisions we have exam-ined. The case of State v. Wilson, 223 Mo. 156, relied on by the state does not suggest a view of the law divergent from that expressed in the decisions quoted. The averment in that case was that the prosecuting witness "did then and there cash said draft and in pursuance thereof *paid* to the said D. E. Wilson the

sum of twenty-five dollars," etc. A sufficient charge under the prevailing rule.

It is suggested the rule is exceedingly technical. That may be true, but as long as it is recognized by the highest court in the state as a rule of pleading, it is the duty of the courts to enforce it. Perhaps it was suggested in the first instance by the proverb "There's many a slip 'twixt the cup and the lip." It is not difficult to suppose instances where one might be induced to do a thing and still not do it after all. In the present instance prosecutrix might have been induced to pay the book agent five dollars and then discovered that she did not have that much money, or her husband might have come home opportunely and stayed her hand as she was paying it, or the book agent might have repented at the last moment and refused the money. The last, however, would be a most violent presumption. Whatever reason might be assigned for the rule we shall apply it and accordingly hold the information bad.

The judgment is reversed. All concur.